UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG G. BROWN,

        Petitioner,         Case Number 05-10108-BC
                                      Honorable David M. Lawson

v.

STATE OF MICHIGAN,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

The petitioner, Craig Brown, is presently on bond awaiting trial in the Oakland County circuit court for various controlled substance charges. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion to proceed *in forma pauperis*, a motion for immediate consideration, and a motion to stay his state court trial, which presently is scheduled for May 31, 2005. The petitioner has been charged in state court with possession with intent to deliver a controlled substance and possession of a controlled substance. In his pleadings, the petitioner raises claims of double jeopardy and illegal search and seizure.

Rule 4, Rules Governing § 2254 Cases, requires the Court to preliminarily review a petition for a writ of habeas corpus and determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally

frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

A state pretrial detainee may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but he may not seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to decide pretrial habeas corpus petitions, federal courts generally abstain from exercising that jurisdiction out of considerations of federalism and comity, especially when the issues raised in the petition may be resolved either by trial on the merits or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Habeas relief for a pretrial state detainee generally is unavailable unless he demonstrates that: (1) he has exhausted available state court remedies; and (2) "special circumstances" warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

In this case, the petitioner has not met his burden. He alleges that the State is attempting to bring him to trial on charges that previously were brought against him resulting in acquittal. However, he alleges in his petition that he went to trial on controlled substance charges in the Lapeer County, Michigan circuit court in 2002, whereas the charges now pending in the Oakland County circuit court arise from conduct alleged to have occurred on March 1, 2003. The petitioner has not furnished copies of any charging documents or other evidence that suggests that there is an identity of charges sufficient to invoke the protection of the Double Jeopardy Clause.

The petitioner also complains that the State courts have denied improperly his motions to suppress evidence in violation of his Fourth Amendment rights. However, habeas review of such claims generally is barred by the rule in *Stone v. Powell*, 428 U.S. 465 (1976). Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Id.* at 494-95. The Court's determination of whether the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim requires a two-part inquiry. "First, 'the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.'" *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)). It appears that the circuit court denied the petitioner's motion to suppress evidence and he had an opportunity to present those claims to both Michigan appellate courts, which declined review on an interlocutory basis. The petitioner has not alleged any facts that would take the case out of the general rule in *Stone*.

Although the petitioner has attempted to exhaust his claims in the state courts through the process of interlocutory appeal, he has not shown that special circumstances warrant federal habeas review at this time. The state courts first must be given a fair opportunity to rule upon the merits of the petitioner's claims before he presents those claims for consideration by a federal court on habeas review. His petition, therefore, is premature.

Accordingly, it is **ORDERED** that the petitioner's motions to proceed *in forma pauperis* and for immediate consideration [dkt #s 1, 2] are **GRANTED**.

It is further **ORDERED** that the motion to stay state court proceedings [dkt # 3] is **DENIED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DISMISSED WITHOUT PREJUDICE.**

               s/David M. Lawson
               DAVID M. LAWSON
               United States District Judge

Dated: May 31, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2005.

         s/Tracy A. Jacobs
         TRACY A. JACOBS