UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG G. BROWN,

        Petitioner,               Case Number 05-10108-BC
                                                    Honorable David M. Lawson

v.

STATE OF MICHIGAN,

        Respondent.

_____/

## **ORDER DENYING A CERTIFICATE OF APPEALABILITY**

The petitioner has appealed the Court's order denying his application for the writ of habeas corpus under 28 U.S.C. § 2254. The matter is now before the Court for determination of whether a certificate of appealability should issue.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (citations omitted).

In his pleadings, the petitioner raised claims of double jeapordy and illegal search and seizure. At the time the application was filed, the petitioner was on bond awaiting trial in the Oakland County, Michigan circuit court on various controlled substances charges. After considering

the relevant case law, the Court determined that although federal courts have jurisdiction to decide pretrial habeas corpus petitions, *see* 28 U.S.C. § 2241, courts generally abstain from exercising that jurisdiction out of notions of comity and federalism, especially in instances where the issues raised in the petition may be resolved either by trial on the merits or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Consequently, habeas relief for a pretrial state detainee generally is unavailable unless he demonstrates that: (1) he has exhausted available state court remedies; and (2) "special circumstances" warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished). The Court was unable to discern special circumstances warranting federal intervention. The Court also concluded that the petitioner had furnished no charging documents or other evidence that suggested an identity of charges sufficient to invoke the protection of the Double Jeopardy Clause.

With respect to the petitioner's claim that the State courts improperly denied his motions to suppress evidence in violation of the Fourth Amendment, the Court found habeas review barred by the rule set forth in *Stone v. Powell*, 428 U.S. 465 (1976). The Court concluded that the state trial court had denied the petitioner's motions to suppress evidence, and the petitioner had an opportunity to present those claims to both Michigan appellate courts, which denied relief on an interlocutory basis. The petitioner failed to allege any facts that would have taken the case out of the general rule in *Stone*. Because the petitioner did not show special circumstances warranting federal intervention, the Court found that the petition was premature and that the state courts should be given the first opportunity to rule upon the merits of the petitioner's claim.

The Court believes that reasonable jurists could not disagree with its conclusion that the

petitioner's claims were premature.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 23, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 23, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS